In the Matter of Henry **CLARK**, Bankrupt-Appellant.

**Chemical Bank New York Trust Company, Objecting Creditor-Appellee.**

No. 237, Docket 28516.

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1964.

Decided Jan. 30, 1964.

Joseph Jaspan, Brooklyn, N. Y., for bankrupt-appellant.

Leonard Zalkin, New York City (Zalkin & Cohen, New York City), for objecting creditor-appellee.

Before MOORE, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

The sole question presented here is whether the bankrupt's failure to appear at the hearing on the objections to his discharge acted as a waiver of his right to a discharge. The bankrupt claimed that his physical condition (a heart ailment) was such that he could not be subjected to legal questioning. No application was made by the bankrupt for a *nunc pro tunc* order resetting the time for the hearing. The Referee and the Court held that since Section 14, sub. e of the Bankruptcy Act[1] specifically provides for the consequences of non-appearance, the bankrupt waived his right to a discharge. The legislative history reveals that the addition of the words "without sufficient excuse" in the first clause of the section was rejected (see proposal in H.R. 6439, 75th Cong., 1st Sess. 1937).[2] No question as to the equitable powers of the bankruptcy court is presented because no application for a *nunc pro tunc* order was made to the Referee or to the District Court. The requirements of Section 14, sub. e can-

---

1. 11 U.S.C.A. § 32, sub. e:
   "If the bankrupt fails to appear at the hearing upon the objections to his application for a discharge, or having appeared refuses to submit himself to examination, or if the court finds after hearing upon notice that the bankrupt has failed without sufficient excuse to appear and submit himself to examination at the first meeting of creditors or at any meeting specially called for his examination, he shall be deemed to have waived his right to a discharge, and the court shall enter an order to that effect."

2. 1 Collier, Bankruptcy ¶14.01 at 1253 (14th ed. 1962).

not be satisfied by appearance of counsel. We need not speculate upon any decision which might be made by the Referee upon good cause shown to reset the date for a hearing when, as and if the bankrupt is able to appear because none has been sought and no order thereon is before us.

Order affirmed.