In re STEINMETZ GROUP LIMITED, a Liechtenstein corporation, Debtor.

Bankruptcy No. 87–02001–BKC–AJC.

United States Bankruptcy Court, S.D. Florida.

March 31, 1988.

Stanley Bartel, Miami, Fla., for debtor.

## ORDER DISMISSING BANKRUPTCY PETITION WITH PREJUDICE FOR FAILURE OF DEBTOR TO APPEAR AT § 341 MEETING

A. JAY CRISTOL, Bankruptcy Judge.

■ THIS MATTER having come on for hearing on Wednesday, March 30, 1988 before the undersigned Bankruptcy Judge after due notice upon the Motion to Dismiss filed by attorney for Creditor PATRICIA SONDRA BLACKMON. It appearing to this Court that on July 14, 1987, the date and time set by this Court for the meeting of the Creditors, the Debtor failed to appear to answer questions at the meeting of Creditors. The contention of the Debtor is that it is a non-resident corporation and without specificity as to which officer, director, or person in control should appear and without furnishing of mileage for non-resident in accordance with Bankruptcy Rule 2004(e) that it would constitute an insufficient basis to grant the Motion to Dismiss filed by the Creditor.

■ This Court rejects said argument as nonsense. The Debtor's attendance and availability for examination under oath at the meeting of Creditors is mandatory. Bankruptcy Code U.S.C.A. 343, *In re: Import Toy Sales, Inc.*, 41 B.R. 784, U.S.B.C. S.D.Fla. August 1984. The requirements of the Debtor's attendance cannot be satisfied by the appearance of counsel. *In Re Matter of: Henry Clark, Bankruptcy/Debtor*, 328 F.2d 612 (2d Cir.1964). It is thereupon,

ORDERED and ADJUDGED that:

1. That the Creditor's Motion to Dismiss is GRANTED, and the Debtor's Voluntary Petition is DISMISSED, with prejudice.

2. That any and all costs due or to become due in this Bankruptcy proceeding shall be paid by the Debtor and this Court reserves jurisdiction in order to enforce the Orders of this Court.